UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

    Plaintiff,

v.

Joseph Steven Meyer (01),

    Defendant.

Criminal No. 11-299 (SRN/SER)

**REPORT & RECOMMENDATION**

---

    Robert M. Lewis, Esq., United States Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for Plaintiff.

    Robert D. Sicoli, Esq., Law Offices of Robert D Sicoli, Ltd., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415 & Ryan P. Garry, Esq., Ryan Garry, Attorney, LLC, 301 4th Avenue South, Suite 285, Minneapolis, MN 55415, for Defendants Joseph Steven Meyer (01).

---

STEVEN E. RAU, United States Magistrate Judge

    The above-captioned case came before the undersigned United States Magistrate Judge on December 1, 2011, on Defendant Meyer's Motion for Severance of Defendants [Doc. No. 20] and Motion to Sever Count [31][1] [Doc. No. 22]. Defendant Meyer's Motion for Severance of his trial from that of his co-defendant, Garet Clark Wright, is now moot given Wright's recent plea agreement with the government [Doc. No. 80]. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local

---

[1] Meyer's Motion originally sought to sever count 25. After the Motion was filed, the Government filed a Superseding Indictment adding additional counts. The Parties agree that the count Meyer seeks to sever, for witness tampering, is now Count 31 in the Superseding Indictment.

1

Rule 72.1.[2] For the reasons that follow, the court recommends the Motion to Sever Count [31] [Doc. No. 22] be denied.

## I. BACKGROUND

The Government filed a Superseding Indictment on November 8, 2011 [Doc. No. 56], charging: Defendant Meyer, and co-defendants Garet Clark Wright, John Halvor Ketcham, Chanprasith Phouthavongsay, and Jared Mitchel Rothenberger, with one count of conspiracy and 28 counts of wire fraud; charging Meyer and Wright with one count of money laundering conspiracy; and charging Meyer with one count of witness tampering. The indictment alleges that the defendants engaged in a conspiracy to defraud mortgage lenders in connection with the marketing of Cloud 9 Sky Flats real estate units in Minnetonka, Minnesota. (Superseding Indictment at ¶ 1-2). Specifically, the Superseding Indictment contends defendants found buyers to apply for mortgage loans for the property in which the buyers were paid 25-30% of the purported purchase price outside the formal closing and without disclosure to the lenders. (*Id.* at ¶ 3). The alleged "kickbacks" to the buyers were returned through an account controlled by a co-conspirator and funded by a payment from the loan proceeds. (*Id.* at ¶ 4). The co-conspirator skimmed a percentage of the payment for herself and the other "facilitators" in the deal. (*Id.*). The Superseding Indictment alleges the transactions were fraudulent because lenders were misled about the true nature of the buyer's participation in the transactions and the kickback artificially inflated the purchase price. (*Id.* at ¶ 6). The Government alleges that the fraud and conspiracy continued from approximately December 1, 2006 until October 2007, and the money laundering conspiracy from approximately January 26, 2007 to October 3, 2007. (*Id.* at ¶ 9, 18). With respect to the witness tampering charge, the Government contends that on May 21, 2010,

---

[2] The Court has addressed Defendants' non-dispositive motions in a separate Order.

Meyer attempted to persuade defendant Wright to withhold testimony or testify falsely in an official proceeding about the fraud scheme. (*Id.* at ¶ 19).

## II. DISCUSSION

Meyer argues that Count 31 is improperly joined pursuant to Fed. R. Civ. P. 8(a) and the Count should be severed pursuant to Fed. R. Crim. P. 14. The propriety of joinder is determined under Fed. R. Crim. P. 8 on the face of the indictment. *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998); *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982). Rule 8 is liberally construed in favor of joinder. *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011) (citing *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005)). The fact that Fed. R. Civ. P. 14 is still available at trial justifies the broad reading of Rule 8 in the initial evaluation of joinder. *Bledsoe*, 674 F.2d at 655; *United States v. Rosetter*, No. 10-083, 2010 WL 3033817, *3 (D. Minn. Aug. 2, 2010). Fed. R. Crim. P. 8(a) provides:

> **Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(b) provides:

> **Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"The primary distinction is that Rule 8(a) allows for the joinder of offenses that are of the same or similar character, whereas Rule 8(b) does not and thus provides for joinder in fewer

3

situations." *United States v. Southwest Bus Sales, Inc.*, 20 F.3d 1449, 1453 (8th Cir. 1994) (internal citations omitted).

While the headings and wording of the two rules might suggest otherwise, courts have concluded that Rule 8(a) applies only to single defendants challenging joinder of offenses in a single trial or when multiple defendants, who are all charged with the same offenses, challenge the joinder of offenses. *Id.* at 1453-54. In cases involving multiple defendants, who are not all charged with each offense, Rule 8(b) governs joinder of offenses. *Id.*; *United States v. Jones*, 880 F.2d 55, 61 (8th Cir. 1989); *United States v. Finney*, No. 09–349, 2010 WL 3023271, *3 (D. Minn. April 22, 2010). The rationale is that:

> When similar but unrelated offenses are jointly charged to a single defendant, some prejudice almost necessarily results, and the same is true when several defendants are jointly charged with a single offense or related offenses. Rule 8(a) permits the first sort of prejudice and Rule 8(b) the second. But the Rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses.

*Jones*, 880 F.2d at 61 (citing *Cupo v. United States*, 359 F.2d 990, 993 (D.C. Cir. 1966)). In this case, while Defendant Wright has pled guilty, other defendants who are not charged in every count of the Superseding Indictment remain in the case. The appropriate analysis is therefore, under Rule 8(b).

### A. The Counts Are Properly Joined

Under Rule 8(b), the mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder. *Bledsoe*, 674 F.2d at 656. Rather, offenses that the indictment alleges are part of the same series of acts or transactions are joined properly under the Rule. *Jones*, 880 F.2d at 61. Courts generally construe the phrase "the same series of acts or

transactions" to mean acts or transactions that are pursuant to a common plan or common scheme, or part of a single conspiracy. *Id.*; *Wadena*, 152 F.3d at 848.

Generally, a substantive charge may be joined properly with a charge arising out of conduct calculated to hinder prosecution or escape liability on the original charge, because all the charges arise out of the same series of acts of transactions. *See e.g. United States v. Grey Bear,* 863 F.2d 572, (8th Cir. 1988) (concluding under 8(b) that charges of witness tampering and perjury undertaken to conceal substantive charges of assault and murder, were part of the same series of acts supporting joinder); *United States v. Davis*, 752 F.2d 963, 972 (5th Cir. 1985) (concluding mail fraud and obstruction of justice claims properly joined because of substantial overlap of evidence); *see also United States v. Little Dog,* 398 F.3d 1032, (8th Cir. 2005) (holding under 8(a) that obstruction of justice count and sexual abuse count were properly joined because the charges were connected and interrelated); *United States v Rock*, 282 F.3d 548, 552 (8th Cir. 2002) (concluding witness tampering charge and felon-in-possession charge were properly joined under 8(a) because charges were factually interrelated).[3]

The Superseding Indictment specifically alleges that Meyer allegedly attempted to convince Wright not to testify about the underlying fraud. While the incidents are separated temporally, they are related in that the witness tampering was alleged to have occurred in an attempt to cover-up or avoid prosecution for the underlying substantive crimes. The charges are all part of the same series of acts under the 8(b) joinder standard. Count 31 of witness tampering is joined properly with the conspiracy, wire fraud, and money laundering charges, under Rule 8(b).

---

[3] While *Little Dog* and *Rock* were decided under Rule 8(a), those decisions were not based on the provision for acts of the same or similar character, which is not contained within Rule 8(b).

5

### B. Meyer Has Not Established Prejudice for Severance

Even when Fed. R. Crim. P. 8 permits joinder, a trial court has discretion to order severance under Fed. R. Crim. P. 14 if it appears that a defendant will be prejudiced by the joinder. *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004). When joinder is proper under Rule 8, the defendant seeking severance under Rule 14 has the burden of demonstrating that a joint trial will prejudice his or her right to a fair trial. *United States v. Darden*, 70 F.3d 1507, 1527 (8th Cir. 1995) (citing *United States v. Penson,* 62 F.3d 242, 244 (8th Cir. 1995)). The prejudice must be severe or compelling. *Id.* As with Rule 8, the presumption is against severance and in favor of joinder. *United States v. Delpit*, 94 F.3d, 1134, 1143 (8th Cir. 1996).

Meyer asserts he will be prejudiced if Count 31 is tried together with the other counts because, as a co-defendant, Wright could not be compelled to testify at trial on the witness tampering charge, leaving Meyer unable to confront his accuser. This issue is now moot, however, because Wright has entered into a plea agreement with the government and will no-longer be a co-defendant at trial. Because Meyer has not established prejudice, there is no current basis for severance of Count 31 at trial under Rule 14. The motion for severance should be denied.

### III.    RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Meyer's Motion for Severance of Defendants [Doc. No. 20] be **DENIED as moot**; and

2. Motion to Sever Count [31] [Doc. No. 22] be **DENIED**.

6

Dated:   December 8, 2011                                                     s/ Steven E. Rau                              
                                                                              STEVEN E. RAU
                                                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 22, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.